# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA A. WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 98 C 7268 |
| ) | Magistrate Judge Geraldine Soat Brown |
| ILLINOIS DEPARTMENT OF ) | |
| PUBLIC AID, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia Wagner ("Wagner") filed an action against Defendant Illinois Department of Public Aid ("IDPA"), alleging violations of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. [Dkt 1.] On November 4, 2004, the district court issued a Memorandum Opinion and Order granting summary judgment in favor of IDPA and entering judgment against Wagner. (Op. & Order, Nov. 4, 2004.) [Dkt 48, 49.] IDPA filed a Motion to Approve Bill of Costs pursuant to 28 U.S.C. §1920 and Fed. R. Civ. P. 54(d)(1), requesting the sum of $6,148.86. (Def.'s Mot. Bill Costs at 1.) [Dkt 50.] On December 23, 2004, Wagner filed Objections to IDPA's Bill of Costs. [Dkt 52.] The District Judge referred the matter to this court for decision on December 27, 2004. [Dkt 53.] On January 6, 2005, IDPA filed a Reply to Wagner's Objections. [Dkt 54.] For the following reasons, IDPA's Motion to Approve Bill of Costs is granted, resulting in a total award of costs to IDPA of $6,148.86.

The costs that may be recovered pursuant to Rule 54(d)(1) are set out in 28 U.S.C. § 1920. Those costs are: (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case;

(5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. A court may only impose costs upon the losing party if the expenses claimed are: (1) allowable cost items under § 1920; and (2) reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir.1995). In its Motion to Approve Bill of Costs, IDPA seeks deposition costs and duplicating costs. (Def.'s Mot. Bill Costs at 2-10.) In support of those costs, IDPA attached invoices and payment vouchers reflecting the costs incurred for the depositions and photocopying, as well as an affidavit by one of Defendant's attorneys who worked on the case, William D. Leslie. (*Id.*, Exs. 1, 3-5 (Invoices); Ex. 2 (Leslie Aff.).)

### Deposition Fees Transcripts

IDPA seeks $5,136.46 in court reporter attendance fees and costs for the transcripts of depositions taken in connection with the case. (*Id.* at 2, 7.) The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). IDPA claims costs for the depositions of Wagner (which it took), and Gwendolyn Lee and Shirley Spielman (which it defended). (*Id.* at 2, 5, 6, 7.) IDPA states that Wagner's deposition, which occurred over four days and lasted 21 hours, was reasonably necessary in this case as IDPA needed to defend against Wagner's claims and the record was very undeveloped at the time of Wagner's deposition. (*Id.* at 2; Def.'s Reply at 2.) IDPA states that the transcript obtained from Wagner's deposition, as well as the transcripts obtained from the other two depositions, were necessary for IDPA to prepare its motion for summary judgment, as evidenced by the numerous times those transcripts were cited in various documents supporting its motion for summary judgment (134 citations to Wagner's deposition, 57 citations to Lee's deposition, and 14 citations to Spielman's deposition). (Def.'s Mot.

Bill Costs at 2, 5, 7.)

The fees charged for the court reporters' attendance at the depositions are reasonable, as they reflect fees of approximately $38.00 to $44.00 per hour. (*Id.* at 3, 5, 6-7; Exs. 1, 3, 4 (Invoices).) *See Rodriguez v. City of Aurora Police Officer J. Ithal*, No. 02 C 7588, 2003 WL 22284202 at *2 (N.D. Ill. Oct. 2, 2003) (Conlon, J.) (finding that $40.00 per hour is a reasonable rate for court reporters); *McDonald v. Village of Winnetka*, No. 00 C 3199, 2003 WL 1989656 at *1 (N.D. Ill. Apr. 30, 2003) (Darrah, J.) (finding that rates up to $95.00 per hour are reasonable). The fees charged for the deposition transcripts are also reasonable, as the amounts sought (up to $2.93/page for regular transcripts and up to $3.56/page for expedited transcripts) are within the statutorily recoverable amounts, even at the rates established by the Judicial Conference in 2000 and 2001 when the depositions were taken. (Def.'s Mot. Bill Costs at 3-4, 5-7.) *See* General Order, United States District Court, Northern District of Illinois<http://10.205.15.104/CLERKS_OFFICE/CrtReporter/tfee0203.pdf (updated on Feb. 28, 2003); *see also* Local Rule 54.1(b) (mandating that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference"). In addition, IDPA was charged a $5.00 delivery fee and a fee of $6.08 for "exhibit reproduction" in conjunction with those depositions, but it does not request reimbursement for those charges in its Bill of Costs. (Def.'s Mot. Bill Costs at 6, 7.) Finally, as for the expedited transcript charge, IDPA explains that it ordered expedited transcripts on two (out of six) occasions because its attorney did not know how soon the next deposition would be scheduled and needed the transcripts as soon as possible to prepare for the next deposition. (*Id.* at 3-4, 5-6; Leslie Aff. ¶¶ 2, 3.)

In her Objections, Wagner argues that IDPA's taking four days to depose her and ordering expedited transcripts was excessive and not reasonably necessary. (Pl.'s Objections at ¶¶ 1-3.)

Wagner does not provide any argument or authority as to why those tasks were excessive and not reasonably necessary, however. In any case, the court finds IDPA's explanations as to why Wagner's deposition lasted four days, and why it had to order expedited transcripts on several occasions, to be sufficient. (*See* Def.'s Mot. Bill Costs at 2; Def.'s Reply at 2.) *See Truck Components Inc. v. Beatrice Co.*, No. 94 C 3228, 1996 WL 402520 at *7 (N.D. Ill. July 15, 1996) (Conlon, J.) (finding that 5-day deposition was reasonably necessary, where deposition transcript was cited 22 times in defendants' statement of undisputed facts). Moreover, the court notes that Wagner's deposition of Ms. Lee was not much shorter, lasting a period of three days. As Wagner could not (or did not) dispute IDPA's reasons for taking four days to depose Wagner and ordering expedited transcripts on several occasions, Wagner's objections to the deposition fees are overruled. *See Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 00 C 7620, 2004 WL 557388 at *7 (N.D. Ill. Mar. 22, 2004) (Pallmeyer, J.) (holding that "undeveloped objections" to defendant's request for court reporter fees will be overruled). Thus, IDPA may recover a total of $5,136.46 in deposition fees.

### Photocopying Fees

IDPA also seeks to recover $1,012.40 in fees for photocopying three categories of documents: (1) documents turned over in discovery, (2) documents filed in court, and (3) documents contained in Wagner's EEOC file. (*Id.* at 7-10.) With respect to the first category, documents turned over by IDPA in discovery, IDPA states that it copied 3,991 pages of documents at a rate of $0.20/page, amounting to $798.20. (*Id.* at 8; Leslie Aff. ¶ 4.) IDPA states that many of those documents were used by IDPA as exhibits in support of its motion for summary judgment, and were

therefore necessary to the litigation. (*Id.* at 8.) Wagner, in her Objections, argues that IDPA merely "parroted" back to Wagner a majority of the documents that Wagner had already produced in discovery. (Pl.'s Objections ¶ 4.) Wagner also objects to IDPA's requested copying rate of $0.20/page, describing such rate as "exorbitant," but without citing any authority to support her argument. (*Id.*) In reply, IDPA argues that Wagner turned over only 730 pages in discovery, a large number of which were not even in IDPA's possession, and therefore that it did not "parrot" back to Wagner the documents she had already produced. (Def.'s Reply at 3.) IDPA also disputes Wagner's contention that its copying rate of $0.20/page is exorbitant. (*Id.*) A prevailing party may recover costs incurred for producing documents for discovery. *Menasha Corp. v. News Am. Mktg. In-Store, Inc.*, No. 00 C 1895, 2003 WL 21788989 at *4 (N.D. Ill. July 31, 2003) (Leinenweber, J.). Here, Wagner has not demonstrated that the 3,991 pages copied in response to Wagner's discovery requests were unreasonable. Moreover, the rate of $0.20/page is reasonable. *See, e.g., Harkins v. Riverboat Serv., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003); *Sharp v. United Airlines, Inc.*, 197 F.R.D. 361, 363 (N.D. Ill. 2000). Thus, IDPA is entitled to recover $798.20 in costs spent photocopying documents turned over in discovery.

As for the second category of documents, documents filed in court, IDPA requests $197.40 (329 pages x $0.20/page x 3 copies). (Def.'s Mot. Bill Costs at 9.) The 329 pages consist of IDPA's motion for summary judgment; its memorandum, statement of facts, and exhibits in support of its motion; and its reply brief and response to Wagner's statement of facts. (*Id.*) Those court filings were clearly necessary to the litigation and not made solely for attorney convenience; and the decision to make several copies was reasonable, as two were required by the court and one was required to be served on Wagner. *See Shah v. Village of Hoffman Estates*, No. 00 C 4404, 2003 WL

21961362 at *2 (N.D. Ill. Aug. 14, 2003) (Leinenweber, J.). Moreover, Wagner has no objection to this request. Thus, IDPA may also recover $197.40 in costs spent photocopying documents filed in court.

Third, IDPA requests $16.80 in costs spent photocopying Wagner's EEOC file. (Def.'s Mot. Bill Costs at 9-10; Ex. 5 (Invoice).) Wagner has no objection to this request, either. Costs incurred in copying an EEOC file in a discrimination case have been found "entirely reasonable." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Moreover, the copying rate applied, $0.15/page, is reasonable. Thus, IDPA may recover $16.80 for photocopying Wagner's EEOC file. In summary, IDPA may recover a total of $1,012.40 in photocopying costs ($798.20 + $197.40 + $16.80).

Lastly, Wagner objects to the total amount of costs requested by IDPA because of her medical and financial condition, and asks the court to take those conditions into account when assessing costs against her. (Pl.'s Objections ¶ 5.) Specifically, Wagner argues that she is unemployed and receiving only a state pension, and an order requiring her to pay $6,148.86 would deplete her retirement savings and investments. (*Id.*) While Wagner is correct that the court has discretion when awarding costs (and thus, presumably, may consider a losing party's medical and financial conditions), here, Wagner has presented no *evidence*, not even her own affidavit, as to how her medical and financial conditions affect her inability to pay. *See* Pl.'s Objections ¶ 5. Without any factual support, Wagner cannot overcome the "strong presumption" in favor of awarding costs to the prevailing party. *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). Thus, that objection is also overruled.

## Conclusion

Based on the foregoing analysis, IDPA's Motion to Approve Bill of Costs is granted and IDPA is allowed the following amounts: (1) $5,136.46 in deposition fees, and (2) $1,012.40 in photocopying fees, resulting in a total award of costs to IDPA in the amount of $6,148.86 to be taxed by the Clerk of Court against Wagner.

IT IS SO ORDERED.

Geraldine Soat Brown
United States Magistrate Judge

March 28, 2005